IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-02766-CMA-SKC

COLORADO UNION OF TAXPAYERS, INC., and
COLORADO STOP THE WOLF COALITION,

    Plaintiffs,

v.

JENA GIRSWOLD, in her official capacity as Colorado Secretary of State, and
JUDD CHOATE, in his official capacity as Director of Elections, Colorado Department of State,

    Defendants.

---

**ORDER DENYING MOTION FOR "EXPEDITED CONSIDERATION"
AND SETTING BRIEFING SCHEDULE**

---

This matter is before the Court on Plaintiff Colorado Union of Taxpayers, Inc.'s ("CUT") Motion for Expedited Consideration of Request for Preliminary Injunction. (Doc. # 20.) For the following reasons, the Motion is denied.

### I.     ANALYSIS

As a preliminary matter, the Court declines to address CUT's improper request for a temporary restraining order because CUT raised that argument in a cursory footnote. *Hill v. Kemp*, 478 F.3d 1236, 1255 n.21 (10th Cir. 2007) (noting that the court would "not consider an argument raised in such a perfunctory manner" when that argument was asserted in a footnote); *United States v. Hardman*, 297 F.3d 1116, 1131 (10th Cir. 2002) ("Arguments raised in a perfunctory manner, such as in a footnote, are

waived."); *Fid. Nat'l Title Ins. Co. v. Pitkin Cty. Title, Inc.*, No. 12-cv-03077-RM-KLM, 2018 WL 10245932, at *5 (D. Colo. Feb. 28, 2018) (considering argument raised in a footnote to be a "throw-away argument . . . .").

CUT asserts in its motion that "[w]ithout expedited resolution of CUT's request for a preliminary injunction, CUT will suffer irreparable harm." (Doc. # 20 at 1.) However, it is CUT's failure to act timely which has put it in this position. CUT chose to wait until less than a month before Colorado's county clerks begin issuing ballots to initiate this lawsuit. *See* (*id*. at 1). CUT did not file a motion for a temporary restraining order with its Complaint. Rather, it filed the Complaint and then later, on September 17, 2020, filed a Motion for Preliminary Injunction. (Doc. # 17.)

CUT indicates that it "does not propose that the Court decide the preliminary injunction motion without input from Defendants." (*Id*. at 2.) As such, Defendants are entitled to an opportunity to **meaningfully respond** to Plaintiffs' Motion. Defendants' Response is, therefore, not due until October 8, 2020. D.C.COLO.LCivR 7.1(d) (responses to motions are due "21 days after the date of service" of the motion); *see also* D.C.COLO.LCivR 5.1 ("When a pleading or document is filed in CM/ECF, it is served electronically under Fed. R. Civ. P. 5. The time to respond or reply shall be calculated from the date of electronic service, regardless of whether other means of service are used."). The Court will set a hearing on the Motion once Defendants file their Response.

## II.     CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Plaintiff Colorado Union of Taxpayers, Inc.'s Motion for Expedited Consideration of Request for Preliminary Injunction (Doc. # 20) is DENIED;

- Defendants' Response to Plaintiffs' Motion for Preliminary Injunction is due on or before **October 8, 2020**; and

- After Defendants file their Response, the parties are DIRECTED to jointly contact Chambers via email at arguello_chambers@cod.uscourts.gov to set a preliminary injunction hearing.

DATED: September 23, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge