IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02766-CMA-SKC

COLORADO UNION OF TAXPAYERS, INC.

    Plaintiff,

    v.

JENA GRISWOLD, Colorado Secretary of State in her official capacity, and
JUDD CHOATE, Director of Elections, Colorado Department of State, in his official capacity,

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants Jena Griswold and Judd Choate, in their official capacities as Colorado Secretary of State and Director of Elections, Colorado Department of State, respectively, submit their Answer to Plaintiff's Third Amended Complaint [Doc. 112].

### Answer to Nature of Suit

1. Defendants deny the allegations contained in this paragraph.

2. Defendants deny the allegations contained in this paragraph.

3. The allegations in Paragraph 3 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

4. The allegations in Paragraph 4 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

5. The allegations in Paragraph 5 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

6. Defendants deny that any provisions of the authority cited in Paragraph 6 are unconstitutional. Defendants admit that the Colorado Union of Taxpayer's (CUT) suit challenges certain provisions of the Colorado Constitution, the Fair Campaign Practices Act, and the Secretary of State's rules concerning campaign and political finance. Defendants admit that Plaintiff seeks declarations that these laws are unconstitutional, injunctions prohibiting Defendants from enforcing certain provisions of these laws, and compensation for its attorneys' fees and costs in bringing this suit.

## Answer to Jurisdiction and Venue

7. The allegations in Paragraph 7 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

8. Defendants admit that the Court has jurisdiction over the claims asserted by CUT. Any remaining allegations in Paragraph 8 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

9. Defendants admit that the Court has jurisdiction over the claims asserted by CUT. Any remaining allegations in Paragraph 9 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

10. Defendants admit that venue is proper in this District over the claims asserted by CUT. Any remaining allegations in Paragraph 10 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Answer to The Parties

11. Defendants admit that CUT is a Colorado non-profit corporation that is exempt from taxation under I.R.C. 501(c)(4). Defendants further admit that CUT's stated mission is to educate the public about the dangers of excessive taxation, regulation, and government spending, and that CUT was founded in 1976.

12. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 12 and therefore deny them.

13. Defendants admit that Secretary Griswold is the Secretary of State of Colorado. Defendants admit that Secretary Griswold's duties, in her official capacity, include administering, in part, Colorado's campaign finance laws, but deny the allegation to the extent it alleges that Secretary Griswold is solely responsible for administering Colorado's campaign finance laws.

14. Defendants admit that Secretary Griswold, in her official capacity, maintains Colorado's online campaign and political finance candidate and committee registration and disclosure system, otherwise known as "TRACER." To the extent the allegations in this paragraph are meant to say that Secretary Griswold receives, investigates, and administratively prosecutes campaign finance complaints in her individual capacity, Defendants deny them.

15. Defendants admit that Choate is the Director of Elections in the Colorado Department of State. Defendants admit that, in his official capacity, he manages the Division, including campaign finance complaints and enforcement.

16. Defendants admit that as required by state statute, when the Secretary of State receives campaign finance complaints, employees of the Elections Division review those complaints for legal and factual sufficiency, and, if found sufficient, conduct further investigation. Defendants also admit that the Elections Division may refer the complaint to a hearing officer for adjudication. Defendants deny all additional allegations in this paragraph, if any.

## Answer to General Allegations

17. The allegations in Paragraph 17 are legal contentions to which no response is required. To the extent a response is required, Defendants admit that Colorado law requires all "issue committees" to register with the Secretary of State. Defendants admit that issue committees that accept or make contributions or expenditures in an aggregate amount during any applicable election cycle of more than $5000 to support or oppose ballot issues must report their contributions received, expenditures made, and obligations entered into by the committee. Defendants deny all additional allegations in this paragraph, if any.

18. The allegations in Paragraph 18 are legal contentions to which no response is required. To the extent a response is required, Defendants admit that the material contained in quotations marks accurately quotes the Colorado Constitution. Defendants deny all additional allegations in this paragraph, if any.

19. The allegations in Paragraph 19 are legal contentions to which no response is required. To the extent a response is required, Defendants admit that the Secretary of State's Rules Concerning Campaign and Political Finance state that a

person or group must meet both the major purpose requirement and the contribution/expenditure amount to be considered an issue committee. Defendants deny all additional allegations in this paragraph, if any.

20. The allegations in Paragraph 20 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in this paragraph.

21. The allegations in Paragraph 21 are legal contentions to which no response is required. To the extent a response is required, Defendants admit that this paragraph accurately quotes § 1-45-103(12)(b), C.R.S, but deny that Plaintiff accurately paraphrases those requirements.

22. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 22 and therefore deny them.

23. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 23 and therefore deny them.

24. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 24 and therefore deny them.

25. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny them.

26. Defendants admit that CUT reviews numerous pieces of legislation each session and issues a "support" or "oppose" rating for each reviewed bill. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 26 and therefore deny them.

27. Defendants admit that in the past CUT, on an annual basis, has scored most or all Colorado legislators based on how his or her votes aligned with CUT's position on the rated bills.

28. Defendants admit that CUT has been rating bills and scoring legislature for each session of the Colorado legislature since 1977.

29. Defendants admit that, since 1989, CUT has also encouraged legislators and candidates for public office to sign the organization's proffered pledge regarding fiscal discipline and the proper role of government. Defendants also admit that CUT publicizes which legislators and candidates have chosen to sign the pledge.

30. Defendants admit that CUT occasionally takes positions on ballot issues. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 30 and therefore deny them.

31. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny them.

32. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 32 and therefore deny them.

33. Defendants admit that CUT has spoken about, opposed, and supported statewide ballot issues in the past. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 33 and therefore deny them.

34. Defendants admit that in 2019, CUT made an in-kind donation of $5,001 in the form of a radio advertisement to a registered issue committee that was advocating

against Proposition CC. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 34 and therefore deny them.

35. Defendants admit that CUT did not register as an issue committee in 2019. Defendants admit that CUT, in its annual newsletter in 2020, declared its opposition to three ballot measures that had—at that time—qualified for the 2020 ballot, and its support for two more measures that—at that time—had not yet qualified for the ballot. Defendants further admit that those two measures eventually qualified for the 2020 General Election ballot and were designated Proposition 116 and Proposition 117. Defendants further admit that Proposition 116 related to voter approval for certain "fees," and Proposition 117 related to a reduction in the state income tax. Defendants are without sufficient information to form a belief as to any remaining allegations in Paragraph 35, and therefore deny them.

36. Defendants admit that CUT spent $3,495 on radio ads advocating in favor of Propositions 116 and 117 in 2020. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore deny them.

37. Defendants admit that CUT did not register as an issue committee in 2020.

38. Defendants admit that the $3,495 CUT spent in favor of Propositions 116 and 117 was less than 0.3% of the amount which registered issue committees reported through the TRACER system as spending in favor of those ballot issues and about 0.09% of what registered issue committees reported through the TRACER system as

spending in total on those issues. Defendants deny that those figures capture the full extent of the spending on Propositions 116 and 117 in 2020.

39. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 39, and therefore deny them.

40. Defendants admit that CUT did not register as an issue committee in 2021.

41. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 41, and therefore deny them.

42. Defendants admit that CUT did not register as an issue committee in 2022.

43. Defendants are without sufficient information to form a belief as to the truth of the allegations in paragraph 43, and therefore deny them.

44. Defendants admit that CUT did not register as an issue committee in 2023.

45. Many of the allegations in Paragraph 45 are legal contentions to which no response is required. To the extent a response is required, Defendants deny those allegations. Defendants are without sufficient information to form a belief as to the truth of the factual allegations in Paragraph 45, and therefore deny them.

46. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 46, and therefore deny them.

47. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 47, and therefore deny them.

48.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 48 and therefore deny them.

49.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 49 and therefore deny them.

50.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 50 and therefore deny them.

51.     Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 51 and therefore deny them.

52.     Defendants admit that any person may initiate a campaign finance complaint against CUT under Section 1-45-111.7(2), C.R.S., but note that any such complaint would be screened administratively by the Division's non-partisan career civil service staff and ultimately would either be dismissed by the Department's final agency decision-maker or prosecuted by counsel for the Department of State with the Department of Law. Defendants deny that they have brought an enforcement action against any similarly situated entity. Defendants admit that they have not disavowed enforcement against CUT. The remaining allegations in Paragraph 52 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Answer to First Cause of Action

53.     Defendants incorporate by reference their answers to paragraphs 1–52 above.

54. The allegations in Paragraph 54 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

55. The allegation in Paragraph 55 is a legal contention to which no response is required. To the extent a response is required, Defendants deny the allegation.

56. The allegations in Paragraph 56 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

57. Defendants admit that Colorado regulates organizations with a major purpose of supporting or opposing a ballot measure. Defendants deny any other allegations contained in Paragraph 57.

58. Defendants admit that Colorado regulates organizations with a major purpose of supporting or opposing a ballot measure. Defendants deny any other allegations contained in Paragraph 58.

59. Defendants admit that Colorado regulates organizations with a major purpose of supporting or opposing a ballot measure. Defendants deny any other allegations contained in Paragraph 59.

60. The allegation in Paragraph 60 is a legal contention to which no response is required. To the extent a response is required, Defendants deny the allegation.

61. The allegation in Paragraph 61 is a legal contention to which no response is required. To the extent a response is required, Defendants deny the allegation.

62. The allegation in Paragraph 62 is a legal contention to which no response is required. To the extent a response is required, Defendants admit that the public's informational interest has been recognized as a sufficiently important government interest, but deny any other allegations contained in Paragraph 62.

63. The allegation in Paragraph 63 is a legal contention to which no response is required. To the extent a response is required, Defendants deny the allegation.

64. The allegation in Paragraph 64 is a legal contention to which no response is required. To the extent a response is required, Defendants deny the allegation.

### Answer to Second Cause of Action

65. Defendants incorporate by reference their answers to paragraphs 1–52 above.

66. The allegation in Paragraph 66 is a legal contention to which no response is required. To the extent a response is required, Defendants deny the allegation.

67. Defendants admit that in 2012, the then-Secretary of State promulgated a regulation that increased the contribution and expenditure threshold that triggers issue committee status from $200 to $5,000. Defendants deny that the rule was not based on any testimony or other evidence indicating a compelling need for disclosure at $5,000.

68. Defendants admit that the regulation referenced in Paragraph 67 was declared unlawful in 2014 on the basis that the Secretary had exceeded his authority in promulgating the regulation. Defendants admit that the Colorado General Assembly passed a law reducing reporting requirements for organizations that accept or make

11

contributions or expenditures in an amount less than $5,000 to support or oppose a ballot measure. Defendants deny any remaining allegations contained in Paragraph 68.

69.     Defendants admit that there are no legislative findings in the text of Colorado Senate Bill 16-186. Defendants admit that there are no legislative findings in the text of Colorado House Bill 19-1318. Defendants deny any remaining allegations contained in Paragraph 69.

70.     The allegation in Paragraph 70 is a legal contention to which no response is required. To the extent a response is required, Defendants deny the allegation.

### Answer to Third Cause of Action

71.     Defendants incorporate by reference their answers to paragraphs 1–52, above.

72.     Defendants admit that CUT announced its support for the ballot issues that eventually became Propositions 116 and 117 before those issues qualified for the ballot, while petition signatures were being collected for those ballot issues. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 72 and therefore deny them.

73.     Defendants admit that under Colorado law, a matter is considered a ballot issue or a ballot question for the purpose of determining whether an issue committee has been established, thereby necessitating compliance with any disclosure and reporting requirements at the earliest of when: a) a title for the matter has been designated and fixed in accordance with law and any motion for rehearing has been heard; b) the matter has been referred to the voters by the general assembly or the

governing body of any political subdivision of the state with authorization to refer matters to the voters; c) in the case of a citizen referendum petition, the matter has been submitted for format approval in accordance with law; d) a petition concerning the matter has been circulated and signed by at least one person; except that, where a matter becomes a ballot issue or ballot question upon such signing, any person opposing the matter shall not be considered to be an issue committee for purposes of the Fair Campaign Practices Act and article XXVIII of the state constitution until one such person knows or has reason to know of the circulation; or e) a signed petition has been submitted to the appropriate officer in accordance with law.

74. Defendants are without sufficient information to form a belief as to the truth of the allegations in Paragraph 74 and therefore deny them.

75. Defendants admit that under Colorado law, a matter is considered a ballot issue or a ballot question for the purpose of determining whether an issue committee has been established, thereby necessitating compliance with any disclosure and reporting requirements at the earliest of when: a) a title for the matter has been designated and fixed in accordance with law and any motion for rehearing has been heard; b) the matter has been referred to the voters by the general assembly or the governing body of any political subdivision of the state with authorization to refer matters to the voters; c) in the case of a citizen referendum petition, the matter has been submitted for format approval in accordance with law; d) a petition concerning the matter has been circulated and signed by at least one person; except that, where a matter becomes a ballot issue or ballot question upon such signing, any person

13

opposing the matter shall not be considered to be an issue committee for purposes of the Fair Campaign Practices Act and article XXVIII of the state constitution until one such person knows or has reason to know of the circulation; or e) a signed petition has been submitted to the appropriate officer in accordance with law.

76. The allegations in Paragraph 76 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

77. The allegation in Paragraph 77 are legal contentions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## Answer to Prayer for Relief

78. Defendants deny that Plaintiff is entitled to the relief it requests in Paragraph 78, including all of its subparts.

## **Defendants' Defenses**

Defendants assert the following defenses, for which Defendants do not concede that they bear the burden of persuasion or proof.

A. CUT lacks standing.

B. CUT's requests for injunctive relief are barred by the equitable doctrine of laches.

C. CUT is not entitled to injunctive relief because it cannot satisfy the necessary elements for entry of an injunction.

D. The provisions of Colorado law addressed in the complaint are not unconstitutional.

E. Defendants reserve the right to raise additional affirmative defenses as appropriate.

RESPECTFULLY SUBMITTED this 4th day of January, 2024.

PHILIP J. WEISER
Attorney General

s/ Peter G. Baumann
*MICHAEL T. KOTLARCZYK**
Senior Assistant Attorney General
*PETER G. BAUMANN**
Senior Assistant Attorney General

Attorneys for Defendants

Ralph L. Carr Colorado Judicial Center
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone:  720-508-6152

E-Mail:     Mike.kotlarczyk@coag.gov
            Peter.baumann@coag.gov

*Counsel of Record